IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry Gordon # 095012, | ) | C/A No.: 1:10-3046-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Mrs. Fishburn, Nurse, Allendale | ) | |
| Correctional Institution; S.C. Dept. of | ) | |
| Corrections; S.C. Dept. of Corrections' | ) | |
| Medical Department of Allendale | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at Allendale Correctional Institution ("ACI"). Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983,[1] seeking an unspecified amount of damages and injunctive relief against Defendant Fishburn, a nurse at ACI, and against Defendants SCDC and the SCDC Medical Department of ACI.[2] Plaintiff's complaint, liberally construed, alleges that Defendants were deliberately

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[2] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

indifferent to a serious medical need by failing to obtain proper medical attention for Plaintiff when he suffered a heart attack. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because Plaintiff's Complaint fails to state a claim upon which relief may be granted as to SCDC and the SCDC Medical Department of ACI, the complaint should be dismissed, without prejudice and without issuance and service of process, as to these two Defendants.

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief

2

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez*, 504 U.S. at 31, and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This C=court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

In Plaintiff's Complaint, he alleges: "The first time I went to medical on 5-10-10 I was having a heart attack, but what was told to me is, I had three arteries clog up. To make a long story short we waited on the doctor for five hours or so, before he show up. Then about that time a ambulance show up." Compl. at 3 [Entry #1]. Plaintiff's complaint does not refer to anyone by name, except "Doctor Burns," who, according to

3

Plaintiff, "said I was going to hospital." *Id.* at 3. Plaintiff alleges that "[T]hey didn't do their job. It was unprofessional. I feel they diagnose me wrong," and asks for an unspecified amount in damages to "pay me for my pain and suffering." *Id.* at 4. Plaintiff alleges that he filed a grievance on June 21, 2010, and received a final answer/determination on the same date when he "spoke to grievance coordinator Mrs. Smith [who] said I have grounds for a lawsuit." *Id*. at 2.

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his or her official capacity is a "person" for purposes of a § 1983 damages action. *Will*, 491 U.S. at 71. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (when a state is the real party in interest because damages are sought from it, the state is entitled to protection from award by sovereign immunity). State officers sued in their official capacities "assume the identity of the government that employs them," and, thus, are not "persons" under the meaning of § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

4

Moreover, the Eleventh Amendment to the United States Constitution bars suits for damages and retrospective relief against a state or its subdivisions under § 1983.[3] *See Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. at 663. The Eleventh Amendment divests this Court of jurisdiction to entertain suits against the State of South Carolina and its integral parts, which are brought by citizens of South Carolina or citizens of another state. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Will v. Michigan Dep't of State Police*, 491 U.S. at 61-71; *Edelman v. Jordan*, 415 U.S. at 663 (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants").

The State of South Carolina has not consented to suit in a federal court. In fact, South Carolina law expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e); *see also McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity

---

[3] Plaintiff's complaint makes no claims for declaratory or prospective injunctive relief that this court may grant. To the extent that his request "I would like for them to be fired, because they could have let me die" could be construed as a request for prospective injunctive relief, it is clear that this court cannot grant such relief because, to do so would require interference with a state agency's employment-related functions through exercise of the court's mandamus remedy in a way that is impermissible under applicable law.

which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

Courts have also held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 (E.D. Va. June 25, 2008).

Thus, Plaintiff's Complaint is subject to summary dismissal as to SCDC and the SCDC Medical Department of ACI, based both on their lack of "personhood" and on the Eleventh Amendment's grant of sovereign immunity to the State of South Carolina and its integral parts.

III.  Conclusion

Accordingly, it is recommended that the court dismiss South Carolina Department of Corrections and the South Carolina Department of Corrections Medical Department of Allendale Correctional Institution as party defendants in this case, without issuance and service of process. An order authorizing the issuance and service of process for

Defendant Fishburn shall be entered contemporaneously with this Report and Recommendation.

IT IS SO RECOMMENDED.

February 7, 2011                                              Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**